

March 28, 2024

**VIA ECF**

Honorable Jennifer Rearden
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    **Cordova *et al.* v. EmblemHealth**
             **Case No. 22-CV-02933 (JHR)**

**Michael C. Schmidt**
Direct Phone   212-453-3937
Direct Fax       866-736-3682
mschmidt@cozen.com

*By separate order, the Court is referring this matter to Judge Gorenstein for general pretrial purposes.*

*SO ORDERED.*

*[signature]*

*Jennifer H. Rearden, U.S.D.J.*
*Date: March 28, 2024*

Dear Judge Rearden:

    We represent the Defendants in this action and respectfully submit this letter application in accordance with Rules 3[C] and 5[I] of Your Honor's Individual Rules and Practices to address certain discovery-related issues.

### Brief Background and Status

    As Your Honor will recall, this is a putative class and collective wage and hour action that currently has 26 Named and Opt-In Plaintiffs ("Plaintiffs"). The parties have diligently proceeded through written discovery and depositions over the course of this case, including the production of more than twenty thousand pages of documents to date relating to, among other things, all of the 26 Plaintiffs. In terms of depositions, we have deposed 25 of the 26 Plaintiffs, and Plaintiffs' counsel has deposed all five of the current and former company representatives that counsel requested. It is worth noting that Defendants have taken (without objection by Plaintiffs' counsel) discovery from all of the 26 Plaintiffs, and Plaintiffs have similarly taken discovery (without

Honorable Jennifer Rearden
March 28, 2024
Page 2

---

objection from us) concerning all of the Plaintiffs as well. Fact discovery is currently scheduled to close on March 29, 2024.[1]

### Instant Discovery-Related Application

Defendants respectfully request a conference to discuss the following discovery-related issues that have arisen. Both sides have conferred in good faith about these specific issues by e-mail and telephone, and unfortunately we need the Court's assistance at this time.

1. **Plaintiffs' Refusal To Provide Limited Cell Phone Records**

Defendants previously served a second set of document requests on all of the Plaintiffs. Request numbers 1 and 2 seek redacted cell phone records from Plaintiffs showing call dates and times, and text dates and times, during the period of each respective Plaintiff's employment period at issue in this case. Critically, Defendants expressly did *not* seek the substance of any text messages, and also expressly permitted Plaintiffs to redact the phone numbers of any calls or texts that were not business-related. Plaintiffs responded with a series of blanket objections, and have refused to provide any of the limited, redacted records requested.

As we have repeatedly reminded Plaintiffs, in addition to the fundamental issue of whether Plaintiffs were misclassified as "exempt" employees, Plaintiffs (all of whom have worked completely remotely from home during the applicable period) have each alleged a varying amount of significant hours that they allegedly worked while at EmblemHealth, in support of their contention that they are owed significant additional overtime compensation if it is determined that they were misclassified. Defendants are, therefore, entitled to discovery on the nature of Plaintiffs'

---

[1] By joint letter to Your Honor on February 23, 2024 (Docket No. 70), the parties advised the Court that they agreed to engage in a private mediation session. That mediation has now been scheduled for April 29, 2024.

Honorable Jennifer Rearden
March 28, 2024
Page 3

activities during their remote workdays and the amount of time that each truly performed their work, as well as the amount of time that each may have been engaged in non-work activities during the time they claimed to have been working.

Plaintiffs' counsel has not objected to Defendants' attempt to seek discovery on that point in other ways. For example, during depositions we discovered that several Plaintiffs actually had second and third jobs or businesses, as well as attended various schools, that took up hours of their time, and we have sent authorizations (accepted and signed by the particular Plaintiffs) to their other employers and schools for the limited purpose of obtaining records showing Plaintiffs' schedules with those other employers and schools. Likewise, we asked during depositions (without objection) about Plaintiffs' day-to-day activities and any non-work-related breaks taken. Most of the Plaintiffs have alleged that they worked constantly through the day with little-to-no breaks from early in the morning to, in many instances, late at night. Defendants respectfully submit that we are not required to simply take as gospel and true the word of these remotely-working Plaintiffs. Limited, redacted cell phone records will be a critical piece to the puzzle and Defendants' defense of Plaintiffs' allegations to show: (1) whether Plaintiffs were engaged in work-related calls for the hours that they have claimed; and (2) whether Plaintiffs were engaged in non-work-related calls or texts during the time they claim to have been working.

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, discoverable information is "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "'Relevance' under Rule 26 'has been construed broadly to encompass any matter that bears on, or that reasonably could

Honorable Jennifer Rearden
March 28, 2024
Page 4

lead to other matter that could bear on any issue that is or may be in the case.'" *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340 (1978); *Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.,* 964 F.2d 106 (2d Cir. 1992) (noting that the scope of discovery under Rule 26(b) is "very broad"). Relevant information need only be reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b).

The relevance threshold in the discovery phase is quite low, and courts in the Second Circuit have found that cell phone records are relevant when the request is designed to belie the opposing party's specific claims, particularly after depositions have been held. *See, e.g., Caputi v. Topper Realty Corp.*, No. 14-cv-2634, 2015 WL 893663, at *4 (E.D.N.Y. Feb. 25, 2015) (granting defendant's motion to compel cell phone records to show that the plaintiff engaged in non-work related telephone calls on days and times that plaintiff claimed to have worked for defendant, holding that "[t]he Court finds that Plaintiff's cell phone records are arguably relevant to the issue of how many hours Plaintiff alleges she worked for Defendants each week."); *Perry v. The Margon & Weinreb L. Grp. LLP*, No. 14-3511, 2015 WL 4094352, at *4 (E.D.N.Y. July 7, 2015) (finding plaintiff's cell phone records to be relevant and defendants were entitled to test the accuracy of plaintiff's assertion that she often worked after hours and long into the night).

Courts in other jurisdictions have also found cell phone records relevant under similar circumstances. *See Folger v. Medicalodges, Inc.*, No. 13-1203, 2013 WL 6244155, at *2 (D. Kan., Dec. 3, 2013) (granting motion to compel the plaintiff's cell phone records in a wage and hour case where the records could possibly lead to admissible evidence that the Plaintiff was not working during the hours claimed); *Calleros v. Rural Metro of San Diego, Inc.*, 2017 WL 4391714, at *3 (S.D.Ca. Oct. 3, 2017) (granting defendants' motion to compel cell phone records that would

Honorable Jennifer Rearden
March 28, 2024
Page 5

show whether, when, and for how long the plaintiff participated in personal telephone calls or activities during the work day).[2]

Defendants clearly are not engaged in a fishing expedition, and, in fact, did not make these requests as part of a broad set of document requests at the start of the case. Rather, Defendants waited until after Plaintiffs' depositions, at which they each testified about how they worked straight through their days for weeks and months at a time, often early in the morning until late at night, with virtually no breaks or personal activities during their workdays. Defendants also limited their requests and allowed redactions for all personal telephone numbers, and have expressly advised that they do not want the substance of any of the texts. Defendants are only interested in the dates and times during which Plaintiffs were engaged in calls and texts for work- and non-work-related reasons. Defendants' requests clearly meet the low threshold for relevance under Federal Rule 26(b)(1). Accordingly, Defendants respectfully request that the Court compel Plaintiffs to respond to the document requests set forth in Exhibit A.

### 2. Plaintiff Jimmy Martinez's Refusal To Appear For A Deposition

"Discovery is not a one way street." *Pilling v. General Motors Corp.,* 45 F.R.D. 366, 369 (D. Utah 1968). At the start of the case, an Opt-in Notice was sent to a couple of hundred individuals who were identified on a list that Defendants provided as being current and former G&A Specialists and Senior G&A Specialists at EmblemHealth during the applicable FLSA period. Of that entire number, only 26 individuals chose to participate as a plaintiff in this case. During discovery, Plaintiffs' counsel has requested written discovery concerning all 26 Plaintiffs, and

---

[2] Because Defendants verily believed that Plaintiffs were and are properly classified as "exempt," they were not obligated to require or keep time cards or other records showing actual times worked. Nevertheless, there are hundreds of pages of reports and documents that do tend to show the timing of certain transactions in which the 26 Opt-In Plaintiffs engaged, and Defendants have produced those to Plaintiffs' counsel. In the same vein, Defendants should be entitled to get records from these remotely-working Plaintiffs that also tend to confirm or refute each of the Plaintiffs' express deposition testimony that they were working long hours and engaging in virtually no non-work-related activities. Their limited, redacted cell phone records are a critical piece to that puzzle.

Honorable Jennifer Rearden
March 28, 2024
Page 6

Defendants duly provided such discovery. Similarly, Defendants sought written discovery from all 26 Plaintiffs, and such written discovery was provided from the other Opt-In Plaintiffs. Plaintiffs' counsel also consented to Defendants deposing all 26 Plaintiffs, and have taken the deposition of 25 of the 26 Plaintiffs. Plaintiff Jimmy Martinez has refused to appear for a deposition.

The Opt-In Notice that Plaintiff Martinez received expressly advised, among other things:

> If you agree to join this lawsuit, you may also be asked to provide a witness statement and/or answer questions about your employment at a deposition, but will have the right to have a lawyer, including the Plaintiffs' lawyers at Filippatos PLLC, represent you and serve as your counsel.

See Docket No. 26 at 6.

Plaintiff Martinez signed and filed that Opt-In Notice to join this case as a plaintiff. He chose to seek the benefit of any potential successful outcome, and must also be held to the same obligations as all the other 25 Plaintiffs. 25 of the 26 Plaintiffs responded to Defendants' written discovery requests; Plaintiff Martinez has not. And, 25 of the 26 Plaintiffs appeared for a deposition; Plaintiff Martinez has not. Accordingly, Defendants request that the Court issue an order conditionally dismissing the opt-in claims of Plaintiff Jimmy Martinez unless he (1) provides full responses to Defendants' previously-served interrogatories and document requests within 10 days of a date of an order on this application, and (2) appears for a (virtual) deposition within 20 days after providing such written discovery responses.

*       *       *

Honorable Jennifer Rearden
March 28, 2024
Page 7

Thank you very much for your attention to this matter.

      Respectfully yours,

      COZEN O'CONNOR

      BY:    MICHAEL C. SCHMIDT

cc: All Counsel of Record (via ECF)