UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
DASYA MARIA CORDOVA and ADA CASASUS, on
behalf of themselves and a class and collective of
similarly situated persons,

                    **Plaintiffs,**
      -against-

                                            22-CV-2933 (JRH)

EMBLEMHEALTH INC. and EMBLEMHEALTH
SERVICES COMPANY, LLC,

                    **Defendants.**
-------------------------------------------------------------------------X

### [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

AND NOW, this _16_ day of ___December___, 2025, upon consideration of the parties' Joint Motion for Final Class and Collective Action Settlement Approval and Approval of Service Awards, and Plaintiffs' Unopposed Motion for Attorneys' Fees and Costs (the "Motions"), all papers filed in connection therewith, arguments presented by counsel at the December 16, 2025, Final Fairness Hearing, and the entire record in this matter, the Court hereby grants the Motions and ORDERS as follows:

1.      The Parties' Class and Collective Action Settlement Agreement (the "Settlement Agreement"), which was preliminarily approved on August 5, 2025, is approved as fair, reasonable and adequate under ~~state and~~ federal laws, including the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*

2.      For settlement purposes only, the following Settlement Class is certified pursuant to Fed. R. Civ. P. 23: all workers employed by EmblemHealth as a "Grievance and Appeal Specialist" or "Senior Grievance and Appeal Specialist" and who were not paid overtime compensation for all hours worked in excess of 40 in a week at any time from April 8, 2016,

through August 5, 2025, and who did not submit a timely Opt Out form. The class meets all of the requirements for class certification under Fed. R. Civ. P. 23.

3.      The Court finds that the Notice given to the Settlement Class, which was provided by mail and email and permitted Class Members to return Claim Forms by mail, email, or through a secure website, fully complied with Rule 23, was the best notice practicable, satisfied all constitutional due process concerns, and provides the Court with jurisdiction over the Class Members.

4.      The Settlement Fund shall be dispersed in accordance with the terms of the Agreement.

5.      Pursuant to the terms of the Agreement, the Court approves Service Awards to named plaintiffs Dasya Cordova and Ada Casasus in the amount of $40,000 each, and to 23 Opt-in Plaintiffs, as identified in the Agreement, in the amount of $5,000 each for their time and efforts in leading this case for the benefit of all Class Members.

6.      Filippatos PLLC is appointed as Class Counsel for the Settlement Class.

7.      Plaintiffs' application for attorneys' fees in the amount of $1,264,874 (33.33% of the Total Settlement Amount) and costs in the amount of $39,406.44 ~~$37,935.09~~ is hereby granted.

8.      The Court approves Rust Consulting, Inc.'s fees as Settlement Claims Administrator of $18,000.

9.      This Order is not admissible as evidence for any purpose against the Defendants or the Released Parties (as defined in the Settlement Agreement) in any pending or future litigation. This Order shall not be construed or used as support for conditional certification or certification or in opposition to decertification of any class or collective action. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants and the Released Parties of any fault, wrongdoing, breach, liability or wrongdoing. This Order shall not be construed

2

or used as an admission, concession, declaration, or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants or the Released Parties to class certification, in the event that the Settlement Agreement is terminated.

10.    The Settlement Agreement and any action taken pursuant to it are for settlement purposes only. Neither the fact of nor any provision contained in the Settlement Agreement or its exhibits nor any actions taken thereunder shall be construed as offered into evidence, as received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

11.    This case is hereby DISMISSED WITH PREJUDICE, with each party to bear his, her, or its own costs, except as set forth herein, and with this Court retaining exclusive jurisdiction to enforce the Settlement Agreement, including over disbursement of the Settlement Amount and the enforcement of its releases.

12.    The Court hereby enters Judgment approving the terms of the Settlement Agreement. This Order shall constitute a Final Judgment for purposes of Fed. R. Civ. P. 58.

The Court incorporates by reference its statements on the record during the fairness hearing held on December 16, 2025.

The Clerk of Court is directed to terminate all pending motions, cancel any remaining deadlines, and close this case.

BY THE COURT,

Honorable Jennifer H. Rearden
United States District Judge

3